UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVON CHURCH

    Petitioner,

v.                                           Case No. 8:17-cv-2373-T-02AAS

SECRETARY, Department of Corrections,

    Respondent.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Mr. Church petitions under 28 U.S.C.§ 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for robbery, attempted second-degree murder, aggravated battery with a firearm, attempted robbery with a firearm, and felonious possession of a firearm, for which convictions Mr. Church is imprisoned for twenty-five years. The Respondent argues that the application is time-barred. (Doc. 7 at 10). In his reply Mr. Church asks this Court "to excuse his untim[e]lines because he has been pursuing is rights diligently." (Doc. 13 at 1).

**Timeliness**

Under the Anti-Terrorism and Effective Death Penalty Act, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period

shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Mr. Church's conviction became final on September 22, 2010.[1] Under the federal limitation, Mr. Church had one year — until September 22, 2011 — to timely file his federal petition absent tolling for a timely post-conviction application in the state court. Mr. Church did not file a state post-conviction application until March 2012 when he filed a state Rule 3.850 motion. (Doc. 9, Ex. 11 at 1). By that date, the one-year federal limitation had already expired. Consequently, the Rule 3.850 motion had no tolling effect. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 1999) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition . . . that is filed following the expiration of the limitations

---

[1] Mr. Church's direct appeal concluded on June 23, 2010. The conviction became final ninety days later, on September 22, 2010, when the time allowed for petitioning for the writ of *certiorari* expired. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347 (11th Cir. 2020).

2

period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000).  Absent a demonstration of entitlement to equitable tolling, Mr. Church's federal habeas petition is time-barred.

**Equitable tolling**

Mr. Church claims that he "is *pro se* and was not informed of the one-year statute of limitations."  (Doc. 1 at 17).  He further avers that he had "limited . . . professional advice and legal material" and that he served "at least [five] months in confinement."  (Id.).  To the extent that Mr. Church presents these allegations as bases for entitlement to equitable tolling, he cannot prevail.

The one-year limitation designated in 28 U.S.C. § 2244(d) is not jurisdictional and "is subject to equitable tolling in appropriate cases."  *Holland v. Fla.*, 560 U.S. 631, 645 (2010).  Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)).  To establish eligibility for equitable tolling, a petitioner must show:  "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418

3

(2005)). Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland*, 539 F.3d at 1338. *See also Cadet v. Fla. Dep't of* Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) ("[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)). The failure to establish either requirement precludes equitable tolling. "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286.

Even assuming diligence, Mr. Church fails to establish an "extraordinary circumstance" beyond his control that caused the untimely filing of his federal petition. First, Mr. Church fails to describe with specificity the alleged impediments to his filing. *See Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("[V]ague allegations about the existence of impediments, without more, or an argument that fails to explain how such impediments prevented the timely filing of the petition, does not establish extraordinary circumstances."). Second, neither his *pro se* status nor his allegation that he "was not informed of the one-year statute of limitations" amounts to an extraordinary circumstance. *See Rich v. Dep't of Corr.*, *Fla.*, 317 F. App'x 881, 883 (11th Cir. 2008) (stating that *pro se* status is not an extraordinary circumstance warranting equitable tolling). *See also Perez v. Fla.*, 519 F. App'x 995, 997 (11th Cir. 2013)

4

(*per curiam*) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."). Furthermore, Mr. Church's placement in confinement is also not an "extraordinary circumstance" justifying equitable tolling. *See, e.g., Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (stating that "lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." (citing *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000)).

Finally, Mr. Church argues that his petition "is timely and ripe for review under the p[u]rview of *Martinez v. Ryan*, 132 S. Ct. 319 (2012) where initial appeal (direct review) counsel was ineffective for failure to present meritorious claims." (Id.). As explained in *Chavez v. Sec'y, Dep't of Corr.*, 742 F.3d 940, 945–46 (11th Cir. 2014), *Martinez* does not provide Mr. Church with a new limitation.[2]

---

[2] *Chavez* explains:

> While § 2244(d)(1) includes a number of alternate triggering dates for calculating the one-year deadline, the only one even potentially relevant here – "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" – is inapplicable because *Martinez* did not announce a new rule of constitutional law. See 28 U.S.C. § 2244(d)(1)(C); *Arthur[v. Thomas]*, 739 F.3d [611,] 629 [(11th Cir. 2014)] ("The *Martinez* rule is not a constitutional rule but an equitable principle.") . . . . And while the federal limitations period is subject to equitable tolling in certain circumstances, we have rejected the notion that anything in *Martinez* provides a

In sum, Mr. Church fails to satisfy his burden of showing entitlement to equitable tolling in this case. Accordingly, his petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred. The Clerk shall enter judgment against Mr. Church and close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Mr. Church is not entitled to a certificate of appealability ("COA"). Under Section 2253(c)(1), a prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Mr. Church must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition

---

basis for equitably tolling the filing deadline. *Arthur*, 739 F.3d at 630–31 ("Because Arthur's § 2254 petition was denied due to his complete failure to timely file that § 2254 petition, the Supreme Court's analysis in *Martinez* . . . of when and how 'cause' might excuse noncompliance with a state procedural rule is wholly inapplicable here.").

is clearly time-barred, Mr. Church is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Mr. Church must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE and ORDERED** at Tampa, Florida, on July 29, 2020.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**